## OSGOOD *v.* SANBORN.

A mortgagor is not liable to be charged as the trustee of the mortgagee, on account of the debt secured by the mortgage, after an entry to foreclose, under a judgment.

IN EQUITY. The bill stated that Silas Sanborn, of Boston, in the commonwealth of Massachusetts, recovered a judgment against the plaintiff, in 1844, in a writ of entry upon a mortgage which the plaintiff had given him, to secure the payment of a sum of money:

That upon that judgment a writ of possession was

issued on the first day of January, 1845, which was executed, and the land surrendered to Mr. Brewster, the attorney of Sanborn:

That an action was brought at the September term of the court of common pleas for the county of Merrimack, in 1843, by Alfred S. Sanborn, against the said Silas as principal, and the plaintiff as trustee, in which the sum of $1,000 was demanded in damages; which action is still pending, and the plaintiff is not discharged:

That he has made a contract to sell and convey the mortgaged premises, which he fears may fail, by reason of the execution of the writ of possession, and the consequent foreclosure:

That he is ready to pay the money due on the mortgage to such party as the court shall adjudge that it belongs to.

The bill then prays that proceedings for the foreclosure of the mortgage may be stayed by an injunction of the court, until the plaintiff shall be discharged from the trustee process, &c.

*Duncan,* for the plaintiff.

WOODS, J.    The entry of Silas Sanborn under his judgment, to foreclose his morgage, operated as a payment of the debt secured by it, to the extent of the value of the estate.    The mortgagee having resorted, in that form, to his pledge, cannot, after foreclosure, maintain an action for the debt without showing that the value of the pledge is insufficient to pay it.    The burden is upon him to prove this.    It will not be presumed; and unless he elects to proceed to establish the contrary by such proof, the legal presumption is that the foreclosure pays the debt.

In this state of the facts, then, the plaintiff in the present proceeding is not a debtor of Silas Sanborn, the mortgagee, for he has taken possession of the land, and

has manifested no purpose to exact any thing further in satisfaction of his debt. It is in his option to do so or not, and the law has furnished no means by which a creditor of his, or any other person, can exercise it in his behalf, or without his direct concurrence obtain any benefit of it.

If the plaintiff is in any sense the debtor, the indebtedness is merely contingent, depending upon the option of Sanborn himself in the first place, and ultimately upon the question, which nothing before us tends to solve, whether the value of the land is sufficient to pay the sum it was given to secure or not. Such a debt is not subject to the trustee process. *Haven* v. *Wentworth*, 2 N. H. Rep. 93.

It is true, this plaintiff has the right to pay a sum of money to the defendant in the suit at law, and to redeem the land. But that is not an indebtedness, as has been shown, and it is, for the most obvious reasons, not money that can be attached by this process. It is not the money or other thing of the defendant at law.

When the trustee process was brought, the entry had not been made by the defendant at law, and he had in fact a present right of action against this plaintiff. But the pendency of that process could have afforded this plaintiff no defence to the writ of entry upon the mortgage, had he attempted to interpose such a defence.

A judgment charging the trustee in that proceeding could not, without obvious injustice, have afforded him any such defence, for it could not have discharged the debt for which the land was holden.

The plaintiff appears not to require the interposition which he has, invoked. He can proceed to redeem the land, if he is so advised, and will stand in no danger of being required to pay the money a second time by any results that can flow from the trustee process.

*Bill dismissed.*